UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIAM RONALD JEFFERIES,

    Petitioner,

v.                                            CASE NO. 6:04-cv-1360-Orl-31KRS

ATTORNEY GENERAL, STATE OF FLORIDA, et al.,

    Respondents.

**ORDER**

This case is before the Court on the second amended petition for habeas corpus relief pursuant to 28 U.S.C. section 2254 filed by Petitioner (Doc. No. 12).[1] Upon consideration of the petition, the Court ordered Respondents to show cause why the relief sought in the petition should not be granted. Thereafter, Respondents filed a response to the second amended petition for writ of habeas corpus (Doc. No. 17). Petitioner subsequently filed a reply (Doc. No. 19).

Petitioner alleges one claim for relief in his habeas petition: that the Florida Parole Commission (the "Commission") erred when it retroactively applied the provisions of the "extraordinary review act" to suspend Petitioner's parole date.

*Procedural History*

On May 24, 1972, Petitioner was sentenced to life imprisonment for first degree murder. On May 21, 1991, he was released to parole supervision for life. However, on October 15, 1997,

---

[1] Although the habeas petition was filed on a section 2254 form, the Court finds that Petitioner is seeking relief under section 2241 since he is challenging the execution of his sentence. *See Batiste v. State Board of Pardon and Parole*, No. CIV. A. 98-2543, 1999 WL 102027 (E.D. La. February 25, 1999).

Petitioner's parole supervision was revoked based on a finding that he had changed his residence without permission.

On June 23, 1998, Petitioner was released for a second time to parole supervision for life. However, on November 17, 1999, his parole supervision was revoked based on a finding that he had failed to complete a Batterer's Intervention Program.

Petitioner challenged the revocation of parole in state court through a petition for writ of habeas corpus, which was denied. He also filed in this Court a habeas petition pursuant to 28 U.S.C. section 2241, which was denied. *See* Case number 6:02-cv-440-Orl-19JGG.

On May 24, 2000, the Florida Parole Commission (the "Commission") established a Presumptive Parole Release Date (the "PPRD") of February 14, 2005. The Commission later changed the PPRD to February 14, 2004. However, on January 7, 2004, the Commission decided not to authorize Petitioner's effective parole release date because of a failure to make a positive finding of parole suitability as required by section 947.18, Florida Statutes. The case was then referred to the Commission for extraordinary review.

The Commission held a meeting on January 28, 2004, and Petitioner's PPRD was suspended. The Commission found, among other matters, that a reasonable doubt existed regarding whether Petitioner would remain free of any criminal conduct should parole be granted.

Petitioner then filed a petition for writ of habeas corpus with the state trial court, which was denied. Petitioner challenged the denial in the state appellate court pursuant to a petition for writ of certiorari, which was denied.

*Petitioner's Claim*

Petitioner argues that the Florida Parole Commission erred when it retroactively applied the

provisions of the "extraordinary review act" to suspend Petitioner's parole date. In particular, Petitioner contends that he was sentenced in 1972 but that the provisions of the "extraordinary review act" were enacted in 1983, thereby creating an ex post facto violation.

The United States Constitution provides that "[n]o state shall . . . pass any . . . ex post facto law." U.S. Const. art. I, § 10, cl. 1. This clause prohibits the States from enacting "any law which imposes a punishment for an act which was not punishable at the time it was committed; or imposes additional punishment to that then prescribed. " *Weaver v. Graham*, 450 U.S. 24, 28 (1981) (quotation omitted).

At the time of Petitioner's offense, section 947.16, Florida Statutes (1971), indicated that the Commission was to determine (and was provided with the discretion to decide) whether a person should be granted parole. Today, section 947.18, Florida Statues, which is substantially similar to section 947.16 identified above, also provides that the ultimate parole decision is a matter of discretion with the Commission.

In 1983, Rule 23-21.0155 of the Florida Administrative Code was promulgated, and it set forth the procedures to be applied when an inmate's case is referred to the Commission for extraordinary review.[2] The rule provides that, if the Commission decides not to authorize an effective parole release date, a complete review of the file will be commenced, and the Commission shall enter a written order refusing to authorize the effective parole release date and scheduling an extraordinary interview within two years from the date of the effective parole release date. Petitioner argues that the Commission's use of this rule in his case violated the ex post facto clause because it was implemented after the date of his offense.

---

[2] Authority for implementation of this rule came from section 947.07, Florida Statutes.

3

In an analogous case, *Paschal v. Wainwright*, 738 F.2d 1173 (11th Cir. 1984), the appellant committed his crime in 1968, and was sentenced to death in 1972. His sentence was later modified to life imprisonment. The Commission denied the appellant parole in 1974, 1975, 1976, 1977, and 1978, on each occasion following the recommendation of its hearing examiner. In July 1978, the Florida legislature passed the Objective Parole Guidelines Act of 1978, which required the Commission to adopt parole "guidelines," creating presumptive parole release dates based on the "seriousness of the offense" committed and on "the likelihood of a favorable parole outcome." The Commission was required to consider these guidelines in making release decisions. In April 1979, the Commission, having promulgated guidelines as required by the Act, again considered the appellant for parole and denied the request.

The appellant raised an ex post facto claim on the basis that the Commission's use of the challenged guidelines increased his punishment. The Eleventh Circuit Court of Appeals found as follows:

> At the time petitioner committed the murder that led to his incarceration, he was on fair notice that if he received a life sentence he would be subject to parole at the discretion of the Commission. This was not changed. *See* Fla. Stat. Ann. § 947.18; *see also, e.g., Rifai v. United States Parole Commission*, 586 F.2d 695, 699 (9th Cir.1978). The guidelines merely stated and rationalized the exercise of the Parole Commission's discretion. Petitioner accordingly suffered no legislative increase in punishment. *Accord, May*, 435 So.2d at 838 ("There is no showing that the retrospective application of the new guidelines resulted in more onerous or disadvantageous treatment").

*Id.* at 1177 (footnote omitted).

In the present case, Petitioner suffered no legislative increase in punishment. The promulgation of Rule 23-21.0155 did not alter the consequences that flowed from Petitioner's crime. When he committed his crime in 1971, and in 2004, when the Commission suspended his PPRD,

the Commission had complete discretion over the parole decision. Only the form by which the Commission exercised that discretion changed. Therefore, this claim must fail.

Any of Petitioner's allegations not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus filed by William Ronald Jefferies is **DENIED**, and this case is **DISMISSED WITH PREJUDICE**. The Clerk of the Court shall enter judgment accordingly.

2. The Clerk of the Court is directed to close this case.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 18th day of July, 2005.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
pslc 7/18
Counsel of Record
William Ronald Jefferies

5